IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENSKE LOGISTICS LLC AND PENSKE TRUCK LEASING CO., L.P.,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **FREIGHT DRIVERS AND HELPERS LOCAL UNION NO. 557, et al.,** : <br> **Defendants** : | **CIVIL ACTION** <br><br> **NO. 08-2051** |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                              **November   5, 2008**

Penske filed this ERISA case[1] asking this court to interpret a federal statute[2] that provides for arbitration of trustee determinations of whether parties have incurred withdrawal liability.  This case is not a merits consideration of whether withdrawal liability was properly assessed.  Rather, this case is about a threshold issue: whether defendants took the legal step necessary to trigger ERISA's arbitration provision. Defendants filed a "Motion to Dismiss the Complaint for Failure to State a Claim, Lack of Subject Matter Jurisdiction, and Improper Venue, or, in the alternative, To Transfer and Motion for Attorneys' Fees" on June 16, 2008. For the reasons that follow, I will

---

[1]Specifically, this case was brought under ERISA § 4301, 29 U.S.C. § 1451 (providing for federal court jurisdiction over ERISA claims).

[2]ERISA § 4221, 29 U.S.C. § 1401(a).

1

deny defendants' motion.

## I. BACKGROUND[3]

As I write for the parties, who are familiar with the facts of the case, I will abbreviate my discussion of the factual background. Penske is seeking an interpretation of ERISA § 4221, 29 U.S.C. § 1401(a). That section provides for arbitration when trustees determine whether a party has incurred withdrawal liability. Plaintiffs have paid defendants $3,901,840 in liability withdrawal assessments stemming from its withdrawal of December 31, 2004. As ERISA requires, this amount was paid up front - while the issue of liability was being determined by the Trustees. Plaintiffs allege, however, that the Trustees still have never made *any* determination under ERISA § 4212(c), 29 U.S.C. § 1392(c). Therefore, plaintiffs have requested that this court require defendants to make a determination as to whether "a principal purpose" of the sale was "to evade or avoid liability" under ERISA § 4212(c), 29 U.S.C. § 1392(c). Plaintiffs are not asking the court to address the merits of the evade-or-avoid issue. Rather, they are seeking declaratory and injunctive relief to enjoin Trustees from violating ERISA's procedures which require a determination prior to assessment of withdrawal liability. Once that determination is made, plaintiffs will be able to follow the statute and to seek Trustee review (if the decision is unfavorable to them), followed by arbitration as provided in ERISA §§

---

[3] I have viewed the facts in the light most favorable to the plaintiff, as the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

4219(b)(2) and 4221, 29 U.S.C. §§ 1399(b)(2) and 1401.

On June 16, 2008, defendants moved to dismiss plaintiffs' complaint; they contend that plaintiffs must exhaust arbitration and that the Fund "has made the requisite determination." Defendants' Memorandum of Law in Support of its Motion to Dismiss, Document #9-3, page 13. But, "saying so" doesn't make it true. It is unclear what constitutes that "determination." Defendants do not identify any letters, exhibits or other documents as "the determination."

## II. DISCUSSION

### A. There is No Basis for a Motion to Dismiss under 12(b)(1)

Defendants allege a lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[4] In fact, defendants' contention is that plaintiffs failed to exhaust their administrative remedies. This contention is an affirmative defense, not a subject-matter

---

[4] Under Fed. R. Civ. P. 12(b)(1), plaintiffs bear the burden of persuading the court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). Dismissal for lack of jurisdiction is appropriate only where the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1280-81 (3d Cir. 1993) (quoting Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666, 94 S.Ct. 772, 776 (1974)). Where a factual challenge to subject matter jurisdiction exists, courts are "not confined to allegations in the plaintiff's complaint." Rather, courts may "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977)).

3

jurisdiction issue. I.A.M. National Pension Fund v. Clinton Engines Corp., 825 F.2d 415, 417 (D.C. Cir. 1987) (quoting I.A.M. National Pension Fund Benefit Plan C v. Stockton TRI Industries, 727 F.2d 1204, 1207 (D.C. Cir. 1984) and stating "all other circuit courts that have considered the issue [have held], that section 1401(a) of the MPAA was not an 'absolute jurisdictional bar,' but instead constituted an 'exhaustion of administrative remedies' requirement."); Anjelino v. New York Times Co., 200 F.3d 73, 87 - 88 (3d Cir. 1999) (finding that the district court erred in considering the failure to exhaust defense as grounds for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction and stating further that the court should have considered the exhaustion defense under Rule 12(b)(6)). See also Carl Colteryahn Dairy, Inc. v. Western Pennsylvania Teamsters and Employers Pension Fund, 847 F.2d 113, 123 (3d Cir. 1988); Dorn's Transp., Inc. v. Teamsters Pension Trust Fund of Philadelphia and Vicinity, 799 F.2d 45, 47 (3d Cir. 1986). For this reason, all cases cited by the defendants in support of their motion involved Fed. R. Civ. P. 12(b)(6), not Rule 12(b)(1). In asserting this defense, defendants bear the burden of demonstrating that ERISA § 4301, 29 U.S.C. § 1451, cannot be used without exhaustion even though an arbitrator's limited jurisdiction does not include issues under ERISA §§ 4301 or 4221, 29 U.S.C. §§ 1451 or 1401. This includes the issue of whether arbitration of a non-determination is required under ERISA § 4221. Defendants have not made a sufficient showing.

Defendants' motion, therefore, will be construed as a motion to dismiss under both

4

Fed. R. Civ. P. 12(b)(6) (failure to state a claim on which relief can be granted) and Fed. R. Civ. P. 12(b)(3) (improper venue) and analyzed accordingly.

**B. Plaintiffs Have Asserted a Basis for Declaratory Relief**[5]

ERISA §4301 provides, "The district courts of the United States shall have exclusive jurisdiction of an action under this section without regard to the amount in controversy, except that State courts of competent jurisdiction shall have concurrent jurisdiction over an action brought by a plan fiduciary to collect withdrawal liability." However, defendants argue that plaintiffs have not exhausted their administrative remedy of arbitration. If the facts as alleged by plaintiff are true, however, arbitration is not an available remedy because ERISA § 4212 provides for arbitration <u>following</u> both a determination by the Trustees and a review of that determination by the Trustees. 29 U.S.C. § 1392(c) (emphasis added).

---

[5]The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint. <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987). When considering a motion to dismiss, courts must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. <u>Id</u>. <u>See also</u> <u>D.P. Enters. v. Bucks County Cmty. Coll.</u>, 725 F.2d 943, 944 (3d Cir. 1984). Complaints may be dismissed under Fed. R. Civ. P. 12(b)(6) "only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swin Res. Sys., Inc. v. Lycoming County</u>, 883 F.2d 245, 247 (3d Cir. 1989). Complaints "need not be models of precise information." <u>Presbytery of New Jersey of the Orthodox Presbyterian Church v. Florio</u>, 40 F.3d 1454, 1465 (1994). A complaint is sufficient when "it serves fairly to notify the defendants of the facts and the alleged deprivation." <u>Id.</u> However, courts will not accept as true "bald assertions" or "legal conclusions." <u>See</u> <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

Defendants' assertion, therefore, that "no court action is proper until arbitration is exhausted" is inaccurate. ERISA § 4301(c), 29 U.S.C. § 1451(c), does not contain an arbitration requirement. The ERISA section at issue - § 4221, 29 U.S.C. § 1401 - limits arbitration to disputes "concern a determination made under sections 4201 through 4219." They contend that arbitration of this dispute - a dispute about the meaning of § 4221 - is not authorized by ERISA.

Plaintiffs are not asking this court to make a merits determination. Plaintiffs acknowledge that Trustees must make the principal-purpose-to-evade-or-avoid determination. In fact, like defendants, plaintiffs seek arbitration. They are asking this court to require defendants to make a determination so that they can seek review and arbitration of that determination. Otherwise, defendants could hold the $3.9 million in withdrawal liability assessment indefinitely, without ever determining anything.

Plaintiffs point out that this issue has been addressed previously by a court in this district. In <u>The Great Atlantic & Pacific Tea Co., Inc. v. Carman</u>, 8 EBC 1525 (E.D.Pa. 1987), Judge O'Neill discussed arbitration where there has been no trustee determination to conclude that the litigation did not implicate section 1401(a) because "the plan probably did not make a 'determination' before the commencement of this lawsuit."

Arbitration of the statutory interpretation of ERISA § 4221, 29 U.S.C. § 1401(a) is not required. Defendants' reliance on cases requiring arbitration of *determinations* once made does not mean that where, as here, trustees failed or refused to make a liability

determination, arbitration is required. If that were the case, the statute would have required statutory interpretations of ERISA § 4221 expressly.

Unlike this case, in Flying Tiger Line v. Teamsters Pension Trust Fund of Philadelphia, 830 F.2d 1241 (3d Cir. 1987), the trustees made a determination that a principal purpose of the plaintiff's divesture was to avoid or evade withdrawal liability. Id. at 1245-46 ("Central States eventually responded with a Board of Trustees' finding that, based upon available information, a principal purpose of the Hall's divesture by the Tiger International Control Group was to evade or avoid liability. Accordingly, the Board of Trustees . . . determined, pursuant to ERISA § 4212(c) . . . that it must disregard that transaction"). Flying Tiger, therefore, does not stand for the proposition that any dispute over the evade or avoid issue must be subject to arbitration. At issue in Flying Tiger was a trustee determination that the plaintiffs had evaded or avoided liability. In this case, there is no trustee determination at issue.

A finding that the trustees made no determination is not overly formalistic. Any other conclusion would be impractical. The trustees only position is that they just do not know whether plaintiffs were evading or avoiding; therefore, they refuse to return plaintiffs' money. Defendants could have avoided this litigation altogether by simply making the ERISA § 4212 determination that plaintiffs requested long ago: that a principal purpose was to evade or avoid withdrawal liability. Such a determination would have triggered ERISA's arbitration provision and this case would not be before this court

today.

Particularly in view of the length of time and amount of information available to trustees, it is unclear why such a determination has not been made. Specifically, it has been more than four (4) years since the Fund wrote to plaintiffs stating that they anticipated no withdrawal liability and more than two (2) years since plaintiffs began paying withdrawal liability while contesting its assessment. Although defendants asserted in a letter to plaintiffs almost two years ago that they had not received adequate documentation to make the requisite determination, plaintiffs agreed to provide that documentation almost two (2) years ago and actually did provide it on October 5, 2006, three (3) days after defendant's written request.

ERISA § 4301 provides for jurisdiction in this court of ERISA claims. As plaintiffs have alleged facts which show that an ERISA § 4212 "determination" subject to the ERISA review process was never made to trigger that section's application, the complaint states a claim for which relief can be granted and over which this court has jurisdiction under ERISA § 4301.

### C. Venue is Proper In This Court[6]

---

[6]Under Fed. R. Civ. P. 12(b)(3) plaintiff's choice of forum prevails unless the balance of parties' convenience and interests of justice weigh in favor of the defendant. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). Defendants bear the burden of demonstrating that the proposed transfer will be more convenient for witnesses and parties and that the interests of justice weigh in favor of transfer. Shutte, 431 F.2d at 25; Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Defendants must offer evidence supporting the transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-

Defendants request a transfer of venue to federal district court in Maryland if I find that the federal court has jurisdiction over this dispute. Plaintiffs oppose such a transfer. The Third Circuit provides a test for analyzing venue decisions which include private interest and public interest factors. The private interest factors include:

> (1) the plaintiff's forum preference
> (2) defendant's forum preference
> (3) the location where events occurred and claims arose
> (4) convenience of the parties as indicated by their relative physical and financial condition
> (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora
> (6) the location of books and records - but only to the extent that the files could not be produced in the alternative forum.

Jumara, 55 F.3d at 879 (citing 15 Fed. Prac. & Proc. Juris 3d. §§ 3848, 3849, 3851, 3853 (2d ed. 1986).

The public interest factors include:

> (1) "practical considerations that could make the trial easy, expeditious, or inexpensive"
> (2) "the relative ability of the two fora to resolve the case more expeditiously and inexpensively"
> (3) "the interests of the community at-large, including the interest of the communities in having controversies resolved where they arise"
> (4) the familiarity of the court with the particular state law in diversity cases.

Jumara, 55 F.3d at 880 (citing 15 Fed. Prac. & Proc. Juris 3d., § 3854).

---

57 (3d Cir. 1970). The Third Circuit has provided a non-exclusive set of factors to consider in deciding whether transfer of venue is proper in Jumara which will be set forth and applied to the facts of this case in this section.

Neither the "private factors" nor the "public factors" support a venue change. Plaintiffs' principal place of business is in this judicial district and defendants have taken steps to collect withdrawal liability from plaintiffs here. While defendants rely on an arbitrator's determination that Maryland was an appropriate venue under the AAA standards, the arbitrator's determination with respect to venue is not particularly relevant here. Defendants assert several facts as well (i.e., the Fund "has no nexus to Pennsylvania," "the Fund is administered in Maryland, the operations were located in Maryland, . . .the employees work in Maryland," the Leaseway's terminal "covered by the collective bargaining agreement was in Baltimore," plan participants worked in Baltimore, the covered work diminution which caused the partial withdrawal occurred in Baltimore, the "Fund's offices are in Maryland" along which its records, employees and advisors.)  Defendants' Motion to Dismiss, Document #9-3, page 23.  These bare assertions of fact, however, are insufficient. Plum Tree, 488 F.2d at 756-57; 15 Fed. Prac. & Proc. Juris 3d. §§ 3851, 3853; Koken v. Lexington Ins. Co., No. Civ. A. 04-2539, 2004 WL 2473432, 3 (E.D. Pa. Nov. 2, 2004).  Defendants could have - but have not - put forward evidence such as "a list of the names and addresses of witnesses whom the moving party plans to call" or "affidavits showing the materiality of the matter to which these witnesses will testify" or "statements by the moving parties of the business difficulties or personal hardships that might result from their having to defend against the suit in" this court or "affidavits concerning the relative ease of access to sources of

10

documentary evidence." Plum Tree, 488 F.2d at 756-57.  It is not clear what showing was made before the AAA Arbitrator, but plaintiffs are correct that the showing must be made to this court as well before venue may be transferred.  Policy reasons and expressions of Congressional intent in ERISA's legislative history alone will not suffice.

**D. Defendants Should Not Be Awarded Attorneys' Fees for Responding to Complaint**

The cases (not controlling) defendants cite for the proposition that they should be awarded attorneys' fees for responding to plaintiffs' complaint contain facts very different from the facts in this case. See, e.g., Grand Union Co. v. Food Employers Labor Relations Ass'n, 808 F.2d 66 (D.C. Cir. 1987). Unlike the Grand Union company, Penske is not seeking a finding that they are exempt from withdrawal liability.  As explained above, Penske is still waiting for a determination that it could dispute at an arbitration.  Plaintiffs' complaint is not spurious nor ill-founded, therefore defendants will not be awarded attorneys' fees.

## III. CONCLUSION

For the reasons explained above, defendants' motion to dismiss is denied.  Further, defendants have failed to make a sufficient showing to justify a transfer of venue.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENSKE LOGISTICS LLC AND** | : | |
| **PENSKE TRUCK LEASING CO.,** | : | |
| **L.P.,** | : | **CIVIL ACTION** |
|     **Plaintiff** | : | |
| | : | |
|     v. | : | NO. 08-2051 |
| | : | |
| **FREIGHT DRIVERS AND** | : | |
| **HELPERS LOCAL UNION** | : | |
| **NO. 557, et al.,** | : | |
|     **Defendants** | : | |

**O R D E R**

**AND NOW**, this 5th day of November, 2008, upon consideration of defendants' motion to dismiss, (Document #9-3), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:


/s/ Lawrence F. Stengel

LAWRENCE F. STENGEL, J.