## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENSKE LOGISTICS LLC AND** | : | |
| **PENSKE TRUCK LEASING CO.,** | : | |
| **L.P.,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-2051** |
| | : | |
| **FREIGHT DRIVERS AND** | : | |
| **HELPERS LOCAL UNION** | : | |
| **NO. 557, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                        **May   14th, 2009**

### I. INTRODUCTION

Plaintiffs filed a motion for summary judgment in this ERISA case.  Defendants'

response identifies their "determination," i.e., a letter sent to plaintiffs on March 6, 2006

sufficient to qualify this dispute for arbitration.  Plaintiffs' motion for summary judgment

is denied and this case is stayed pending arbitration.


### II. BACKGROUND

Plaintiffs have asked this court to interpret the ERISA statute[1] providing for

arbitration of pension trustees' determinations of whether contributors have incurred

liability for changes in the contributors' business or ownership that reduce their

---

[1]ERISA § 4221, 29 U.S.C. § 1401(a).

contribution amounts.  In dismissing defendants' motion to dismiss, I determined that this was "not a merits consideration of whether withdrawal liability was properly assessed" but rather a case "about a threshold issue: whether defendants took the legal step necessary to trigger ERISA's arbitration provision."  Memo. & Order, Nov. 10, 2008 at 1 (Document #15).  At that stage, defendants had not shown what their determination was, even if, as they contended, one had been made under ERISA § 4212(c).

Defendants have now shown[2] that its "determination" was its letter of March 6, 2006 which it attached as Exhibit 1 to the declaration of James T. Kimble (exhibit A to its memorandum in opposition to plaintiffs' motion for summary judgment). They further assert that they are not required to make a "sub-determination," as plaintiffs contend, that "a principal purpose" of the sale was "to evade or avoid liability."[3]  Therefore, defendants determination on March 6, 2006 was sufficient to trigger ERISA's arbitration provision.

## III. DISCUSSION

### A. Defendants made the requisite determination on March 6, 2006.

In March 2006, defendants sent notices (in the form of two letters titled "Notice of

---

[2] It is not clear why this showing was not provided in defendants' motion to dismiss. Nor is it clear why defendants waited until the summary judgment stage of this litigation to make the only dispositive legal argument / factual allegation in this declaratory judgment action.  It is also unclear why defendants chose not to file a reply to plaintiffs' response to the motion to dismiss and why they chose not to title their response in opposition to summary judgment, a "motion for reconsideration."  Nevertheless, defendants have made the showing now.

[3] ERISA § 4212(c).

Assessment of Partial Withdrawal Liability") to plaintiffs which informed them that based on the reduced number of employees on whose behalf Leaseway contributed to the pension plan (1) Leaseway had incurred a partial withdrawal; (2) the amount of partial withdrawal liability was $3,901,840; (3) the partial withdrawal liability date was December 31, 2002; and (4) Penske was jointly and severally liable for payment of the partial withdrawal liability because Penske was a member of Leaseway's controlled group on December 31, 2002.  Additionally, Penske was instructed to pay this withdrawal liability in twenty-one (21) monthly installments of $188,418.70 with the first installment due on May 6, 2006 (which the defendants agreed to delay until June) and a final payment of $92,853, totaling $4,049,645.70.

Defendants made these determinations based on the fact that Leaseway had experienced a decline in its contribution to the pension fund of seventy percent or more (within the meaning of ERISA § 4205, 29 U.S.C. § 1385).  Withdrawing employers (whether partially withdrawing employers or completely withdrawing employers) are assessed withdrawal liability except in certain circumstances.  29 U.S.C. §1381; see also Teamsters Pension Trust Fund of Philadelphia v. Laidlaw Industries, Inc., 745 F.Supp. 1016, 1022 (D. Del. 1990).  Under 29 U.S.C. §1382, defendants were required to do three things: (1) determine the amount of liability, (2) notify plaintiffs of the amount, and (3) collect the amount.

**B. Defendants were not required to make a determination about plaintiff's principal purpose.**

Defendants' determination of March 6, 2006 was sufficient to trigger ERISA's arbitration provision; they determined that withdrawal liability was owed and notified Penske of the amount and payment schedule.  See 29 U.S.C. § 1382 ("When an employer withdraws from a multiemployer plan, the plan sponsor, in accordance with this part, shall -- (1) determine the amount of the employer's withdrawal liability, (2) notify the employer of the amount of the withdrawal liability, and (3) collect the amount of the withdrawal liability from the employer"); 29 U.S.C. § 1399(b)(1) ("As soon as practicable after an employer's complete or partial withdrawal, the plan sponsor shall-(A) notify the employer of-- (i) the amount of the liability, and (ii) the schedule for liability payments, and (B) demand payment in accordance with the schedule").   This basic determination appears to be all that ERISA requires.

Specifically, defendants were not required to determine that a principal purpose of the withdrawal was to evade or avoid withdrawal liability.  Board of Trustees of Trucking Employees of North Jersey Pension Fund v. Canny, 900 F.Supp. 583, 594 (N.D.N.Y. 1995) (holding that factual issues regarding whether employers had ceased to be employers under MPPAA before withdrawal and whether transaction was undertaken with intent to "evade or avoid" withdrawal liability were for arbitrator to determine).  The defendants were not required to determine that the employer left the controlled group. Laidlaw Industries, Inc., 745 F.Supp. at 1022 (notice from plan sponsor included no

4

determination regarding control group membership nor specific determination of grounds for liability).  Defendants did not even need to explain the basis for their finding of liability.  Flying Tiger Line, Inc. v. Central States, Southease and Southwest Areas Pension Fund, 704 F. Supp. 1277, 1285 (D. Del. 1989) (rejecting the employer's claim that the plan sponsor must determine basis of liability and explanation in demand letter). In view of the decisions of other district courts which have examined this issue, it appears that defendants made the statutorily required determinations which, although basic, were sufficient to trigger ERISA's mandatory arbitration requirement.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment is denied and this case will be stayed pending arbitration.